WESTERMAN BALL EDERER
MILLER ZUCKER & SHARFSTEIN, LLP
Thomas A. Draghi, Esq.
Mickee M. Hennessy, Esq.
1201 RXR Plaza
Uniondale, New York 11556
Telephone: (516) 622-9200
tdraghi@westermanllp.com
mhennessy@westermanllp.com
*Proposed Counsel for Debtors 293 Franklin,*
*LLC, Enterprise Community Funding, LLC*
*and 108 Wallabout 5A Corp.*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x
In re                                                             :        Chapter 11
293 FRANKLIN, LLC,                                                :        Case No.: 19-45035 (CEC)
                                                                  :
                    Debtor.                                       :
                                                                  :
-----------------------------------------------------------------------x
In re                                                             :
ENTERPRISE COMMUNITY FUNDING, LLC,                                :        Chapter 11
                                                                  :        Case No.: 19-45036(CEC)
                    Debtor.                                       :
                                                                  :
-----------------------------------------------------------------------x
In re                                                             :
108 WALLABOUT 5A CORP.,                                           :        Chapter 11
                                                                  :        Case No.: 19-45037 (CEC)
                    Debtor.                                       :
                                                                  :
-----------------------------------------------------------------------x

**APPLICATION FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND
RETENTION OF WESTERMAN BALL EDERER MILLER ZUCKER & SHARFSTEIN,
LLP, AS COUNSEL TO THE DEBTORS *NUNC PRO TUNC* AS OF AUGUST 21, 2019**

**TO:    THE HONORABLE CARLA E. CRAIG,
        UNITED STATES BANKRUPTCY JUDGE:**

293 Franklin, LLC, Enterprise Community Funding, LLC and 108 Wallabout 5A Corp.,

debtors and debtors-in-possession herein (the "Debtors"), by this motion ("Motion") hereby seek

entry of an order pursuant to Sections 327 and 328 of Chapter 11, Title 11 United States Code (the

"Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving the employment and retention of Westerman Ball Ederer Miller Zucker & Sharfstein, LLP, 1201 RXR Plaza, Uniondale, New York 11556 ("WBEMZS"), as their counsel *nunc pro tunc* as of August 21, 2019.  In support of the Motion, the Debtors submit the Affidavit of Mickee M. Hennessy sworn to on October 2, 2019 (the "Hennessy Affidavit") annexed hereto as "Exhibit A" and incorporated by reference herein.

## Jurisdiction and Venue

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a) and (b).  This is a "core" matter within the meaning of 28 U.S.C. § 157(b)(2)(A).

2.     Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The statutory predicates for the relief requested herein are sections 327 and 328 of the Bankruptcy Code, as complemented by Bankruptcy Rule 2014.

## Background

4.     On August 21, 2019 (the "Filing Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York.  No trustee, examiner or committee of unsecured creditors has as yet been appointed, and the Debtor continues to operate its business and manage its property as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5.     Each of the Debtors maintains its principal place of business at 266 Broadway, Suite 501, Brooklyn, New York 11211.  The Debtors' books and records and senior management are also located in Brooklyn, New York.

6.     The Debtors are real estate holding companies.  293 Franklin owns certain real property located at 293 Franklin Avenue, Brooklyn, New York 11205 (the "293 Property"). Specifically, 293 Property is multi-family residential building consisting of eight (8) units.

Enterprise owns two (2) residential real properties: a condominium unit located at 28 Lynch Street, Unit 3L, Brooklyn, New York, 11206 ("Lynch Property" and a condominium unit located at 23 Walton Street, Unit 15C Brooklyn, New York, 11206 ("Walton Property").  108 Wallabout owns a condominium unit located at 108 Wallabout Street, Unit 5A, Brooklyn, New York 11249 ("Wallabout Property" and together with the 293 Property, the Lynch Property and the Walton Property, the "Properties").  Mike Kohn is the sole member of 293 Franklin and Enterprise and the sole shareholder and president of 108 Wallabout.  Mr. Kohn and his family members reside in the Lynch Property, the Walton Property and the Wallabout Property.

7.     The Debtors have commenced these bankruptcy cases because they are victims of the predatory lending practices of MLF3 Wallabout LLC ("Maverick").[1]

**The Mortgages**

8.     On or around December 10, 2012, G4 Franklin, LLC ("G4") loaned Enterprise and 108 Wallabout $1,450,000 (the "108 Wallabout Loan"), memorialized in a promissory note given by Enterprise and 108 Wallabout to G4.

9.     The Wallabout Loan was secured by a mortgage encumbering 23 Walton, 28 Lynch and 108 Wallabout.

10.     On or around December 17, 2012, G4 loaned 293 Franklin $500,000 (the "293 Franklin Loan") that was memorialized in a promissory note given by 293 Franklin to G4.

11.     The 293 Franklin Loan was secured by a mortgage encumbering 293 Franklin Avenue.

12.     On or around July 5, 2016, the Debtors and G4 entered into two Mortgage Spreader

---

[1] Maverick is a well-known predatory lender.  In fact, just several weeks ago, Maverick was sued in New York County Supreme Court by a borrower who claimed that Maverick attempted to collect millions of dollars in default interest and legal fees, even though Maverick's foreclosure action against the borrower had been dismissed.  *See* https://commercialobserver.com/2019/08/lender-maverick-pursued-default-interest-even-after-foreclosure-loss/

and Guarantee Agreements, pursuant to which the liens secured by both mortgages were "spread" to encumber all four of the Properties.

13.    On or around September 30, 2016, G4 assigned the mortgages, notes and other loan documents related to the 108 Wallabout Loan and the 293 Franklin Loan (and its rights thereunder) to Maverick.

14.    Maverick, after declaring Debtors to be in default, accelerated the amounts owed under the loans and commenced two foreclosure actions against Debtors in Kings County Supreme Court.

15.    On November 2, 2016, Maverick commenced a foreclosure action against 293 Franklin, Kohn and other defendants titled MLF3 Wallabout LLC v. 293 Franklin LLC, et al., Index No. 519372/2016 (Sup. Ct. Kings County) (the "293 Franklin Action").

16.    On November 4, 2016, Maverick commenced a foreclosure action against 108 Wallabout, Enterprise, Kohn and other defendants titled MLF3 Wallabout LLC v.108 Wallabout 5A Corp., et al., Index No. 519568/2016 (Sup. Ct. Kings County) (the "108 Wallabout Action").

17.    Despite several irregularities with respect to the 293 Franklin Action and the 108 Wallabout Action,[2] in hopes of coming to amicable loan modification agreements with Maverick or otherwise obtaining time to pursue replacement financing, the Debtors did not oppose the foreclosure actions and instead entered into consent judgments with Maverick – a consent judgment dated July 25, 2018 in connection with the 108 Wallabout Action and a consent judgment

---

[2] In its complaints in the two foreclosure actions, Maverick did not allege that it gave Debtors written notice of their alleged default.  In addition, the foreclosure actions were procedurally improper because Maverick sought to foreclose on all four Properties in both actions.  In the 293 Franklin Action, Maverick sought to foreclose on 23 Walton, 28 Lynch and 108 Wallabout, even though the owners of those properties (Enterprise and 108 Wallabout) were not named as defendants in the 293 Franklin Action.  Similarly, in the 108 Wallabout Action, Maverick sought to foreclose on 293 Franklin Avenue even though the owner of that property (293 Franklin) was not named as a defendant in the 108 Wallabout Action.  *See* RPAPL § 1311(1) (property owners are necessary parties in foreclosure actions).

dated August 13, 2018 in connection with the 293 Franklin Action.

**Post-Judgment Forbearance Agreements and Exorbitant Fees to Maverick**

18.     After those judgments were entered, however, Maverick engaged in unlawful and predatory lending practices.  Maverick knew that Mr. Kohn's family members lived at 23 Walton Street, 28 Lynch Street and 108 Wallabout Street and that he could not allow the Properties to be sold.  With that knowledge, Maverick would a schedule a sale and then – on the eve of the sale when Mr. Kohn was under the most pressure and duress – demand that Mr. Kohn (on behalf of the Debtors) execute a forbearance agreement in which Mr. Kohn (on behalf of the Debtors) agreed pay tens of thousands of dollars (pursuant to each separate forbearance agreement) to forbear and delay the sale, often for just a few weeks.

19.     Mr. Kohn would pay Maverick the money, Maverick would then schedule another sale, and – on the eve of that sale – extort Mr. Kohn into agreeing to pay more money.

20.     In total, Maverick was able to coerce Mr. Kohn to agree to pay over $700,000 just to forbear and delay sales of the Properties.  Critically, the amounts owed to Maverick under the forbearance agreements were not credited against the amounts that the Debtors owed under the consent judgments.  What they really were, then, was disguised interest under the loans.

21.     The interest rates that resulted from the payments owed under the forbearance agreements was criminally usurious under New York law and void.  In connection with the $500,000 loan, Maverick required sale cancellation payments totaling $200,000 that was payable over 205 days.  When annualized, that amounts to an interest rate of 71.2 percent per annum, which is well above the maximum 25 percent per annum threshold for criminal usury under New York law.

22.     In connection with the $1,450,000 loan, Maverick required sale cancellation payments totaling $520,000 that was payable over 334 days.  When annualized, that amounts to

an interest rate of 39.2 percent per annum, which, again, is well above the maximum 25 percent per annum threshold for criminal usury under New York law.

23.     This is exactly the type of coercion and predatory lending that New York's usury statutes were intended to prevent.

24.     Because they are criminally usurious, the forbearance agreements are void *ab initio*, any claim by Maverick for payments owed under the forbearance agreements should be disallowed, and the monies that the Debtors paid Maverick pursuant to those illegal forbearance agreements should be a set-off against any principal that Debtors owe to Maverick.  If the amounts paid under the forbearance agreements exceed the amounts that Debtors owe to Maverick, then the difference should be returned to Debtors.

25.     The Debtors' bankruptcy filings were thus precipitated by the foregoing.  The Debtors seeks the breathing spell of the bankruptcy process in order to, *inter alia*, determine the appropriate amounts due to Maverick and pursue their claims against Maverick; to obtain refinancing to pay off Maverick and remove the Debtors from the intense financial pressure of this lender.  The Debtors have recently filed an adversary proceeding complaint against Maverick with respect to the foregoing.

### Request for Relief

26.     Through this Motion, the Debtors seek entry of an order, pursuant to sections 327 and 328 of the Bankruptcy Code, authorizing the retention of Westerman Ball as counsel.

27.     The Debtors selected Westerman Ball to act as their counsel because of the firm's experience in bankruptcy and litigation matters.

28.     Prior to the Filing Date, Westerman Ball was paid the sum of $13,666.66 with respect to 293 Franklin, $13,666.67 with respect to Enterprise and $13,666.66 with respect to 108 Wallabout, which amounts include the filing fee of $1,717.00 for each of the Debtors' Chapter 11

petitions.    Westerman Ball incurred the aggregate amount of $23,395.96 in exchange for contemporaneous, pre-petition services ("Pre-Petition Services").    There remains a balance of approximately $12,453.04 available for services to be rendered from and after the Filing Date in these cases.    The Debtors seek authority from this Court to employ Westerman Ball as counsel under a general retainer at its customary hourly rates and reimbursement policies.

29.    The legal services to be rendered by Westerman Ball span all anticipated needs of the Debtors in these chapter 11 cases, including:

i.    The administration of these chapter 11 cases and the Debtors' affairs while in chapter 11, including all issues arising from or impacting the Debtors in these chapter 11 proceedings;

ii.    Advise the Debtors with respect to their duties as debtors under the Bankruptcy Code;

iii.    The preparation on behalf of the Debtors of all necessary applications, motions, orders, reports and other legal papers;

iv.    Appearances in Bankruptcy Court to represent the interests of the Debtors;

v.    Representing the interests of the Debtors in all aspects and phases of the potential sale of estate assets;

vi.    The negotiation, formulation, drafting and confirmation of any plan or plans of reorganization and matters related thereto;

vii.    Giving advice and guidance with respect to any transfer, pledge, conveyance, sale or other liquidation of the Debtors' assets;

viii.    Such investigation, if any, as the Debtors may desire concerning, among other things, the assets, liabilities, financial condition and operations of the Debtors that may be relevant to these cases, including the validity, extent, priority, and amount of alleged secured and unsecured claims and liens;

ix.    The commencement and prosecution of adversary proceedings as may be necessary and appropriate; and

x.    Such other matters as may be necessary and appropriate in the context of the Debtors' chapter 11 cases.

30.    The Debtors believe it is necessary to retain counsel under a general retainer to

render the professional services outlined above.  Subject to approval by this Court, Westerman

Ball has indicated its willingness to serve as counsel to the Debtors herein.  Westerman Ball will

seek compensation on an hourly basis, subject to the approval of this Court and in compliance with

Sections 327, 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy

Rules, the United States Trustee's Guidelines for Fees and Disbursements issued by the Office of

the United States Trustee, and such other procedures as may be fixed by order of this Court, for

professional services rendered and expenses incurred by Westerman Ball.

   31. The current standard hourly rates of the attorneys and paralegals at Westerman Ball

are $395 to $650 for partners and of counsel, $225 to $425 for associates and $225 for

paraprofessionals. The rates for those at the firm presently designated to represent the Debtors are

as follows:

| | | |
|---|---|---|
| (a) | John Westerman | 650.00 |
| (b) | Jeffrey A. Miller | 675.00 |
| (c) | Thomas A. Draghi | 625.00 |
| (d) | Mickee M. Hennessy | 575.00 |
| (e) | Michael E. Planell | 495.00 |
| (f) | Michael J. Gelfand | 410.00 |
| (g) | Florence J. Joseph (paralegal) | 225.00 |
| (h) | Kathy A. Carroccio (paralegal) | 225.00 |

   32. Westerman Ball and its members, counsel and associates have no connection with

the Debtors, their creditors, or any other party in interest, or their respective attorneys and

accountants, or with the United States Trustee, except as otherwise provided in the Hennessy

Affidavit.  Westerman Ball does not hold or represent an interest adverse to the estate.

   33. To the best of the Debtors' knowledge, information and belief (and consistent with

the Hennessy Affidavit), Westerman Ball is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code in that Westerman Ball:

      (a)    other than with respect to the Pre-petition Services described above and for which Bankruptcy Code § 543(c)(3) provides for payment, is not a creditor, an equity security holder, or an insider of the Debtors;

      (b)    is not and has not been an investment banker for any outstanding security of the Debtors;

      (c)    has not been, within three (3) years before the date of the filing of the petitions, an investment banker for a security of the Debtors, or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the Debtors;

      (d)    is not and was not, within two (2) years before the date of the filing of the petition, a director, officer, or employee of the Debtors or of an investment banker specified in subparagraph (b) or (c) of this paragraph; and

      (e)    does not hold or represent an interest materially adverse to the interests of the estate or of any class of creditors or equity holders for any reason.

34.    Based on the foregoing, it is respectfully submitted that the employment of Westerman Ball by the Debtors is necessary, is in the best interests of the Debtors' estates, and complies with Sections 327 of the Bankruptcy Code.

35.    No previous application for the relief requested herein has been made to this or any other Court.

## CONCLUSION

**WHEREFORE**, the Debtors, respectfully request that the Court enter an order approving

the retention of Westerman Ball by the Debtors to perform the services described herein effective

as of August 21, 2019, the Filing Date herein, and granting such other and further relief as the

Court may deem just and proper.

Dated:  Uniondale, New York
        October 2, 2019

                                        By:    */s/ Mike Kohn*
                                                Mike Kohn, as sole member of 293 Franklin LLC, sole member of Enterprise Community Funding, LLC and sole shareholder of 108 Wallabout 5A Corp.


                                        WESTERMAN BALL EDERER
                                        ZUCKER & SHARFSTEIN, LLP


                                        By:    */s/ Mickee M. Hennessy*
                                            Mickee M. Hennessy, Esq.
                                            Thomas A. Draghi, Esq.
                                            1201 RXR Plaza
                                            Uniondale, New York 11556
                                            (516) 622-9200
                                        *Proposed Attorneys for the Debtors*

NO OBJECTION


_____
Rachel Wolf, Esq.
Office of the United States Trustee

02066835.DOCX